CUTRER, Judge.
This is a workmen’s compensation claim brought by Melvin Thibodeaux for injuries he allegedly incurred during the course of his employment as relief operator with Hercules, Inc. From a judgment rejecting his demands, Thibodeaux appeals. We affirm.
On June 26, 1979, Thibodeaux was struck .in the back by a forklift and was thrown several feet by the blow. After the accident Thibodeaux went to the plant’s first aid station and was placed on light duty for two weeks, after which he returned to his full duties as an operator. He was paid full wages while on light duty.
Thibodeaux testified that, one month later, he was lifting a pallet when he felt something pull in his back. He stated that, within three or four days, his back returned to the condition that it was in before the lifting incident. Thibodeaux’s job with Hercules was terminated in August 1979. It was stipulated that his discharge was not due to the prior injury but was due to an evaluation of his work performance. Hercules places new employees on probation for *67 four months. At the end of this period, their performance is evaluated in order to determine whether the employee achieves a permanent status.
Following his discharge from Hercules, Thibodeaux worked for approximately eight different firms in jobs that required heavy manual labor, earning as much or more than he did at Hercules. There were no complaints from any of his superiors as to his ability to perform his work. At the time of trial, January 11, 1983, he was employed by Anco Insulators. Thibodeaux stated that he had injured his back several times after leaving Hercules but the episodes of pain would last only two or three days.
Thibodeaux testified that his back pain was intermittent; that is, it would “come and go.” The majority of the time he incurred no pain. He also admitted that he had received a back injury in an automobile accident in 1975. For that injury he had been hospitalized.
After leaving Hercules in August 1979, Thibodeaux did not consult a physician until February 20,1980. On this date he consulted Dr. Percival Kane, a family practitioner. During the period beginning February 20, 1980, through December 10, 1981, Thibo-deaux consulted numerous physicians which included principally those specializing in orthopedic surgery or neurosurgery. From December 10, 1981, until trial, January 23, 1983, Thibodeaux had consulted no physicians.
Dr. Dale Bernauer, an orthopedic surgeon, saw Thibodeaux on several occasions. This physician performed extensive tests including an EMG, nerve conduction study and myelograms. The tests were normal. Dr. Bernauer testified that he could ascertain no objective findings that would support Thibodeaux’s back complaints. Dr. Bernauer stated that Thibodeaux could perform his usual employment duties without experiencing any substantial pain. Other physicians, Dr. Gerald Litel, neurosurgeon, Dr. Norman Morin, orthopedic surgeon, and Dr. Percival Kane, family practitioner, came to the same conclusion reached by Dr. Bernauer.
Dr. Dean Moore, a neurosurgeon, examined Thibodeaux and found no objective findings to support his complaints. He stated that further tests such as myelo-gram, EMG and CAT scan may be advisable. If these were also normal, this would rule out any possible disc problem.
Dr. Homer Kirgis, a neurosurgeon, ran a CAT scan test and clinical examination. His examination of Thibodeaux’s x-rays showed a slight narrowing at the L5-S1 level. He did not consider that this indicated any surgery. Dr. Norman Morin, who had examined Thibodeaux before the accident in question, stated the slight narrowing at the L5-S1 level was present in x-rays taken prior to Thibodeaux’s employment with Hercules. Dr. Morin concluded that this condition did not indicate a disc condition that may produce disability.
Thibodeaux had seen other physicians but these were not called to testify.
The trial court, in its reasons for judgment, found that Thibodeaux did not suffer substantial pain as a result of the accident in question. Thibodeaux’s claim for disability was rejected for these reasons.
Our review of the record convinces us that the trial court was correct in its conclusion. We find no manifest error.
For these’reasons, the judgment of the trial court is affirmed. Melvin Thibodeaux, plaintiff-appellant, is to pay the costs of this appeal.
AFFIRMED.